### WRIGHT ROBINS v. JOHN MARTIN

1. On the trial of a civil action in the court for the trial of small causes, a person who is not a constable or ministerial officer of that court, cannot be deputed to serve a venire.
2. Where there has been a trial by jury on an appeal, a party cannot object, on *certiorari* to the Court of Common Pleas, that the jury in the court for the trial of small causes was illegally summoned.

On *certiorari* to the Court of Common Pleas of Middlesex county.

Argued at February Serm, 1882, before Justices SCUDDER and KNAPP.

For the plaintiff, *G. R. Lindsay.*

'For the defendant, *R. S. Woodruff, Jr.*

The opinion of the court was delivered by

SCUDDER, J.   On the trial of this cause before a justice of the peace, a jury was demanded, whereupon a person who was not a constable was deputed to serve the venire.   A motion was made to quash the return to the venire, because it was not made by a constable.   The motion was denied, the jury sworn and verdict rendered for the plaintiff.   The defendant appealed in due form to the Court of Common Pleas, and in that court moved to reverse the judgment of the justice, because the jury was illegally summoned.   This motion was overruled, a jury was returned by the sheriff, a verdict was again found for the plaintiff and judgment entered. This judgment of the Court of Common Pleas and the proceedings, are brought before this court for review by *certiorari*.

By the act constituting courts for the trial of small causes, the constables of the several townships of the county are made the ministerial officers of the said courts to execute, within the county, the process of these courts, and there is no authority given to a justice of the peace to appoint a private citizen to serve such process.   *Rev.*, p. 562, § 129.

In the thirty-third section it is expressly made the duty of a constable to summon jurors and make return of jurors, where a trial by jury is demanded.   In criminal complaints, where public justice requires that process to arrest an offender shall be executed immediately, power is given by statute (*Rev.*, p. 268, § 6,) to appoint some fit person, being a citizen of the state, to execute the process; but this authority has not been extended to the execution of process in civil actions.

. The effect of returning a jury by a person without legal authority, is a mistrial of the cause, for the party objecting is unlawfully deprived of a trial by jury duly summoned by the officer appointed by the law for that purpose under a statute. This, as the law formerly stood, was just ground for reversal

on *certiorari*. *Daniels* v. *Scott*, 7 *Halst.* 27. But the statute (*Rev., p.* 556, § 95,) now prescribes the remedy by appeal to the Court of Common Pleas as the only one for irregularities in the proceedings of the justice's court, where the justice had jurisdiction, and upon such appeal the party thinking himself aggrieved shall have relief, both as to matter of law and matter of fact. The relief to which the defendant was entitled in this case was, that he should have his defence heard and tried before a jury legally summoned; he was in a court on his appeal, which was so constituted as to administer this specific relief. It is true he objected that he had not had a lawful trial by jury below, and was overruled by the court, but, having jurisdiction of the cause, the Court of Common Pleas did what the court below should have done, the trial was had in due form, he was heard, and his substantial right of a trial by jury was secured to him.

In *Vannoy* v. *Givens*, 3 *Zab.* 201, where there was a challenge interposed to the justice of the peace for alleged affinity, or relationship by marriage to the other party, and a subsequent challenge to the array, both of which were overruled, on appeal the defendant moved to non-suit, because the justice had erred in law; the motion was refused, and a judgment given against the defendant. This judgment was affirmed on *certiorari* to this court, because the proceedings of the appellate court and not the justice's court, were here for review. It was the duty of the Court of Common Pleas on the appeal to retry the case on its merits, and give such judgment as the justice ought to have given, unless the error be one that cannot be remedied on the second trial. It was also said that the relief in law, as well as in fact, which is to be given in the appeal, is such as accords with the nature of a new trial on the merits, and not such as belongs peculiarly to a writ of error.

The defendant in this case has had a new trial on the appeal before a lawful jury, the error committed by the justice has been remedied, and he has no just ground for reversal.

The judgment will be affirmed, with costs.